IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Sandra Kay Herrera, | ) | C/A No.: 5:13-2315-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Sandra Kay Herrera, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB") under the Social Security Act.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of that Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see*, *e.g*., *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See*, *e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th

Cir. 1972). As noted by Judge Sobeloff in *Flack v.Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id*. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

Plaintiff protectively filed her application for disability benefits on August 24, 2010, alleging disability as of March 16, 2010, due to back surgery, diabetes, neuropathy, and peripheral neuropathy from back surgery. Plaintiff's claims were denied initially and upon reconsideration. The plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on February 22, 2012. The ALJ thereafter denied plaintiff's claims in a decision issued on June 28, 2012. The ALJ's findings became the final decision of the Commissioner of Social Security. Plaintiff filed an action in this Court for review of the decision.

The claimant was 46 years old on the alleged onset date. She completed the ninth grade and subsequently obtained a GED degree. Her past work experience includes employment as a material handler and operating a machine called a warper tender.

Under the Social Security Act, the plaintiff's eligibility for benefits hinges on whether he "is under a disability." 42 U.S.C. § 423(a)(1)(D). The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . " *Id*. at § 423(d)(1)(A). The burden is on the claimant to establish such disability. *Preston v. Heckler*, 769 F.2d 988, 990 n.\* (4th Cir. 1985). A

claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that her impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P. 20 C.F.R. § 404.1520(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that she could not perform her customary occupation as the result of physical or mental impairments. *Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 404.1560(b). These factors include the individual's (1) "residual functional capacity," *id*. at § 404.1561; (2) age, *id*. at § 404.1563; (3) education, *id*. at § 404.1564; (4) work experience, *id*. at § 404.1565; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id*. at § 404.1561. If the assessment of the claimant's residual functional capacity leads to the conclusion that she can no longer perform her previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id*. at § 404.1561. The interrelation between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 404.1520, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether she suffers from some physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents her from returning to her previous work, and (5) whether the impairment prevents her from performing some other available work.

The ALJ made the following findings in this case:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.
2. The claimant has not engaged in substantial gainful activity since March 16, 2010, the alleged onset date (20 CFR 404.1571 *et seq.*).
3. The claimant has the following severe combination of impairments: lumbar degenerative disc disease, status-post laminectomy and discectomy at L5/S1, bilateral laminectomy defects and postoperative scar tissue at the L5-S1 level without evidence of recurrent disc herniation or nerve root compromise, diabetes with peripheral neuropathy and obesity (20 CFR 404.1520(c).
4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526.
5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a wide range of sedentary work as defined in 20 CFR 404.1567(a). The claimant can lift and carry, push and pull 5 pounds frequently and 10 pounds occasionally, sit for about 6 hours of an 8-hour workday and stand or walk for about 2 hours of an 8-hour workday. I also find that claimant can occasionally climb steps/stairs, balance, stoop, knee, crouch or crawl. She can never climb ropes/ladders/scaffolds and must avoid all exposure to hazards (unprotected heights and hazardous machinery), and avoid concentrated exposure to temperature extremes (heat and cold), and vibrations.
6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).
7. The claimant was born on April 29, 1963 and was 46 years old, which is defined as a younger individual age 45-49, on the alleged disability onset date (20 CFR 404.1563).
8. The claimant has at least the equivalent of a high school education and is able to communicate in English (20 CFR 404.1564).
9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a)).
11. The claimant has not been under a disability, as defined in the Social Security Act, from March 16, 2010, through the date of this decision (20 CFR 404.1520(g)).

(Tr. 10-26.)

Pursuant to Local Civil Rule 83.VII.02(A), D.S.C, this action was referred to a United States Magistrate Judge. On December 16, 2014, Magistrate Judge Kaymani D. West filed a report and

recommendation ("R&R") suggesting that the decision of the Commissioner should be affirmed. The plaintiff filed objections to the R&R on January 5, 2015. The defendant filed a reply to Plaintiff's objections on January 22, 2015.

The Magistrate Judge concluded that the record contains substantial evidence to support the conclusion of the Commissioner that the plaintiff was not disabled within the meaning of the Social Security Act during the relevant time period.

> The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).
> The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## **PLAINTIFF'S OBJECTIONS**

Plaintiff asserts that (1) the Magistrate Judge erred in finding that the ALJ properly weighed the opinions of the claimant's treating physicians; (2) there is no substantial evidence to support the ALJ's RFC assessment; (3) the Magistrate Judge incorrectly determined that the ALJ followed the mandates of SSR 96-7p; and (4) the Magistrate Judge incorrectly determined that the ALJ made a proper credibility determination under Ruling 97-7p.

## ANALYSIS

**Treating Physicians** Under 20 C.F.R. § 404.1527, the opinion of a treating physician is generally entitled to more weight than the opinion of a non-treating physician. However, it is only given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2). Under section 404.1527, if an ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must then consider the weight to be given to the physician's opinion by applying five factors identified in the regulation: (1) the length of the treatment relationship and the frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the evidence with which the physician supports his opinion; (4) the consistency of the opinion; and (5) whether the physician is a specialist in the area in which he is rendering an opinion. 20 C.F.R. § 404.1527(d)(2)(i-ii) and (d)(3)-(5).

The claimant contends that the ALJ did not perform the analysis required by 20 C.F.R. § 404.1527(d) as to the treating physicians, Dr. Marco Rodriguez (orthopaedic surgeon) and Dr. Melinda Durham (family physician). In particular, she focuses on the opinions of her orthopaedic surgeon, Dr. Rodriguez, given on April 24, 2011; July 28, 2011; October 18, 2011; and January 18, 2012 that she could not do "physical work", "work of any kind", or "capable of only 30 minutes of work per day." (Tr. 348-354) The ALJ afforded the opinions of Dr. Rodriguez "little weight". In doing so, the ALJ found that the January 18, 2012 opinions by Dr. Rodriguez were not supported by objective medical findings and were inconsistent with his earlier assessment on June 16, 2011 that the claimant could not meet the exertional demands of her prior work but that she could perform sedentary work. In addition, the ALJ found that in January of 2012, Dr. Rodriguez stated that the restrictions were not permanent

and that the treatment plan could include an additional surgery and pain management with spinal cord stimulator placement. The ALJ also stated:

> While the record does indicate objective findings of lower extremity numbness, right worse than left, she has sensation to light touch and has essentially normal strength in both lower extremities–on January 18, 2012 strength was 5/5 in all muscle groups except the right shin and calf which were minimally reduced to 4+/5. The record is void of any corroborating findings to support "debilitating cramping' in legs. The record is void of any findings of muscle spasticity and physical exam specifically notes, "calf is soft nontender" (Exhibit 20F/2). At Exhibit 21F/1, Dr. Rodriguez identifies "reduced range of motion, sensory loss, tenderness and muscle weakness" as objective findings substantiating her physical limitations. However, his records are void of any "range of motion" findings in any of his orthopaedic exams (Exhibits 6F and 20F). On June 21, 2010, within three-months of surgery claimant stated "back pain is very minimal and tolerable at this point (Exhibit 5F/8). Her pain score at 3F/1 was 0/'10 and her straight leg raising was negative at 4F.

(Tr. 24)

The claimant does not indicate which factors she asserts were not addressed by the ALJ. Moreover, "an express discussion of each factor is not required as long as the ALJ demonstrates that he applied the § 404.1527(d) factors and provides good reasons for his decision." *See Hendrix v. Astrue*, No. 1:09-01283-HFF, 2010 WL 3448624, at *3 (D.S.C. Sept. 1, 2010)

The ALJ also gave "limited weight" to the state agency doctors but disagreed with their conclusion that the claimant could do light work and arrived at an RFC of sedentary work. The ALJ also states that he does not give controlling weight to the opinion of Dr. Durham, "as it is not supported by the objective and longitudinal evidence of record." (Tr. 22) He also states that her opinion is contradicted by the opinion of Dr. Rodriguez and is not supported by her own treatment notes. "[N]or does (her opinion) specify how or to what degree, (claimant's) medical symptoms impede her ability to perform work tasks." (Tr. 23) The ALJ also notes that Dr. Durham's assessment does not identify "the particular medical or clinical findings supporting her conclusion" that the claimant is not capable

7

of any work on a full-time basis. *Id*. In reviewing the opinion of Dr. Durham, the Court notes that she did not answer the questions about functional limitations, deferring to Dr. Rodriguez. (Tr. 335-337)

The findings of the ALJ as to the treating physicians sufficiently meet the requirements of 20 CFR § 404.1527(d)(2)(i) and are supported by substantial evidence. The ALJ is not required to give a treating physician's opinion controlling weight and may accord it less weight for a variety of reasons. In this case, the ALJ discussed in detail the medical evidence and testimony presented and provided explicit reasons for not accepting the opinions of the treating physicians.

**RFC Assessment**. The claimant next contends that there is no substantial evidence to support the ALJ's RFC assessment that she can perform sedentary work and that the ALJ did not comply with SSR 96-8p. The primary basis of this argument is that the treating physician statements would allegedly support a finding that she cannot work on a full-time basis. The Court disagrees. As discussed above, the ALJ properly evaluated the treating physician opinions. The RFC findings are supported by substantial evidence.

**Vocational Consequences of Pain**. The claimant asserts, citing SSR 96-7p, that the ALJ failed to give appropriate consideration to the vocational consequences of her pain in determining that she was capable of working eight hours per day, five days per week. The Court disagrees. As noted by the Magistrate Judge, the ALJ properly evaluated the claimant's symptoms pursuant to SSR 96-7p. "Though the ALJ determined that objective medical findings indicate that Plaintiff's symptoms, all but the leg cramps, exist, the ALJ nevertheless determined that the intensity of the symptoms were less severe than Plaintiff alleged. Such a finding is not inconsistent with the mandates of the regulations." (ECF No. 14, p. 18)

**Credibility Determination**. The claimant contends that the ALJ failed to perform the analysis

required by SSR 96-7 and that his credibility findings rely on portions of the testimony and not the testimony as a whole.  The Magistrate Judge has correctly analyzed this issue.

> Here, the ALJ included various reasons for discounting Plaintiff's subjective claims of pain and her claimed inability to work. Many of these reasons are included in the section above. The ALJ considered Plaintiff's statements regarding her limited daily activities. *See* Tr. 17. However, the ALJ found "[t]he description of symptoms and limitations, which [Plaintiff] has provided throughout the record, has generally been inconsistent and unpersuasive." Tr. 21. The ALJ then referenced Plaintiff's post-surgery medical notes that indicate minimal and tolerable back pain with some burning and numbness. *Id.* (referencing Tr. 264). Additionally, the ALJ references medical notes indicating Plaintiff did not need bed rest. *Id.* (referencing Tr. 274, 342, 346) Plaintiff has not satisfied her burden of demonstrating that the ALJ's credibility determination is not supported by substantial evidence. The undersigned recommends Plaintiff's allegation that the ALJ committed reversible error in analyzing Plaintiff's credibility be dismissed based on the ALJ's well-reasoned and supported credibility determination.

(ECF No. 14, p. 21)

## **CONCLUSION**

The findings of the ALJ are supported by the substantial evidence and were not controlled by legal error.  On the record before it, this court must overrule all objections and agree with the Magistrate Judge's recommended disposition of this case. After carefully reviewing the record in this matter, the applicable law, and the positions of the parties, the court is constrained to adopt the recommendation of the Magistrate Judge and accept the determination of the Commissioner that the plaintiff is not disabled.

For the foregoing reasons, all objections are overruled; the report and recommendation of the magistrate judge is incorporated herein by reference; and the decision of the Commissioner denying benefits is hereby affirmed.

**IT IS SO ORDERED**.

                                                    s/R. Bryan Harwell
                                                    R. Bryan Harwell
                                                    United States District Judge

March 10, 2015
Florence, South Carolina